Farhad FAZLI, d/b/a Fountain Valley 76, Plaintiff–Appellant,

and

Mehran Hariri, d/b/a Mike's Union 76, Plaintiff,

v.

CONOCOPHILLIPS COMPANY, a Texas corporation, Defendant–counter–claimant–Appellee,

and

Jalil Majdi, Counter-defendant.

No. 05–56333.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed June 25, 2007.

Gennady L. Lebedev, Esq., Bleau Fox & Fong, Los Angeles, CA, for Plaintiff–Appellant/Plaintiff/Counter–defendant.

Thomas P. Bleau, Bleau Fox, A.P.L.C., Los Angeles, CA, for Plaintiff–Appellant.

Clement L. Glynn, Esq., Glynn & Finley, Walnut Creek, CA, Paul D. Fogel, Esq., Reed Smith Crosby Heafey LLP, San Francisco, CA, for Defendant–counter–claimant–Appellee.

Before: TROTT and RAWLINSON, Circuit Judges, and KING *, Senior Judge.

MEMORANDUM **

Farhad Fazli ("Fazli") appeals the district court's grant of summary judgment in favor of ConocoPhillips Company ("ConocoPhillips"). The district court held that ConocoPhillips satisfied the Petroleum Marketing Practices Act ("PMPA") by offering Fazli a right of first refusal over one

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

year after it gave Fazli notice of nonrenewal. We disagree with the district court and remand for further proceedings.

Title 15 U.S.C. § 2802(b)(3)(D) provides in relevant part that a franchisor may terminate a franchise relationship if:

> (iii) in the case of leased marketing premises such franchisor, *during the 90–day period after notification* was given pursuant to 2804 of this title, *either—*
> (I) made a bona fide offer to sell, transfer, or assign to the franchisee such franchisor's interest in such premises; *or*
> (II) if applicable, offered the franchisee a right of first refusal of at least 45–days duration of an offer, made by another, to purchase such franchisor's interest in such premises.

(Emphasis added). Here, ConocoPhillips notified Fazli on April 22, 2003 that it would not renew the franchise agreement. That same day, ConocoPhillips offered to sell the station to Fazli for $980,000. ConocoPhillips' offer satisfied the 90–day requirement set forth in § 2802(b)(3)(D)(iii). However, the same cannot be said about ConocoPhillips' right of first refusal offer. ConocoPhillips did not make this offer until May 25, 2004, over one year after it gave Fazli notice pursuant to 15 U.S.C. § 2804. Therefore, ConocoPhillips' right of first refusal offer did not comply with the PMPA's 90–day requirement, and the offer cannot be considered to determine whether ConocoPhillips satisfied § 2802(b)(3)(D)(iii).

Because ConocoPhillips' April 22, 2003 offer of $980,000 occurred within the 90–day window required by the PMPA, we remand to the district court to determine whether the offer satisfied

§ 2802(b)(3)(D)(iii)(I) (i.e, whether the offer was "bona fide"). We remand also Fazli's claims under Cal. Bus. Prof.Code § 17200 and his declaratory relief claims because the district court based its dismissal of these two claims on the erroneous conclusion that ConocoPhillips' right of first refusal offer satisfied the PMPA. However, we do not remand Fazli's breach of contract and breach of implied covenant of good faith and fair dealing claims. Fazli did not appeal these claims.

**REVERSED** and **REMANDED.**